IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN ALEXANDER WHITE,

                     Plaintiff,                            ORDER

v.

                                                               24-cv-262-wmc

MICHAEL K. MORAN and AMANDA J. LEY,

                     Defendants.

---

Plaintiff Nathan Alexander White filed this lawsuit against Court Commissioner Amanda Ley and Judge Michael Moran, both of whom issued orders in a child custody and support case in Marathon County Circuit Court. White contends that defendants' orders violated his constitutional rights. White is representing himself in this case, and he has paid the filing fee in full. Still, a district court is authorized to conduct limited screening and to dismiss a fee-paid complaint if it appears that the allegations are insufficient to establish federal subject matter jurisdiction. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). When screening a complaint brought by unrepresented plaintiffs, the court construes the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, the court must dismiss White's complaint because this court lacks subject matter jurisdiction over it.

This is the second lawsuit White has brought challenging custody and child support orders. *See White v. Wisconsin Dep't of Children and Families*, 23-cv-798-wmc (W.D. Wis.). As the court explained in his previous lawsuit, federal courts cannot resolve family custody

and support disputes, as those matters fall solely within the jurisdiction of state courts. (*See* Feb. 2, 2024 Order, 23-cv-798-wmc, dkt. #13, at 3.)  In addition, White's claims directly challenge specific orders and state court judgments regarding custody and requiring him to pay child support, which as this court explained previously, this court is barred from reviewing under the *Rooker-Feldman*. *See Gilbank v. Wood County Dep't of Human Servs.*, 111 F.4th 754, 771 (7th Cir. 2024) (*en banc*) (federal court lacks jurisdiction over case that seeks review and rejection of state court judgment).  Finally, Judge Moran has absolute judicial immunity from suit for acts or omissions performed in his judicial capacity, *see Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005), and nonjudicial actors like Ley are entitled to immunity when "performing ministerial acts under a judge's supervision and intimately related to judicial proceedings," *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010).  Accordingly, White's complaint must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.  The clerk of court is directed to close this case.

Entered this 22nd day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge